

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2003 FEB 12 P 2: 48

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201

_____ DEPUT

Chambers of
**Hon. Marvin J. Garbis**
United States District Judge

Tele: 410-962-7700

February 12, 2003

TO ALL COUNSEL OF RECORD

        Re: Karl L. Elders v. United States
            Civil Action No. MJG-02-3892

Dear Counsel:

    I have read the papers filed to date in this matter and find that the parties' presentations are like ships passing in the night. The Government and Ms. Diaz present motions based upon a reading of the Complaint as if it presented allegations of false statements by Ms. Diaz in the course of complaining to management about Plaintiff's alleged improper conduct. Plaintiff, albeit less than perfectly clearly and in sweepingly general terms, appears to be asserting a different type of case. I find it necessary to require Plaintiff to clarify the Complaint and to require the defense to address the Plaintiff's allegations as stated in the clarified pleading.

    Apparently Plaintiff, who was a Maryland Air National Guard (the "Guard") Colonel and Ms. Diaz, Guard Colonel, present competing versions of certain alleged events. Ms. Diaz contends that Plaintiff acted in an improper sexually harassing manner while Plaintiff contends that he did not. As a consequence of Ms. Diaz's statements, the Guard took adverse employment action against Plaintiff.

    Plaintiff appears to allege that all, or at least some, of Ms. Diaz's statements were not made to "management" in the Guard

TO ALL COUNSEL OF RECORD
February 12, 2003
Page No. 2

but to the unspecified "third parties" and came to the attention of management indirectly. Moreover, and perhaps most significantly, Plaintiff alleges that Ms. Diaz has made, and continues to make, allegedly false statements to unspecified "third parties" outside of the employment action context. Complaint ¶¶ 14, 21. Therefore, it appears that Plaintiff may be presenting a cause of action against Ms. Diaz for making defamatory statements outside of the Guard employment context and, possibly, to persons unrelated to the Guard employment context.

It is readily apparent that there are at least three different possible scenarios presented. That is:

1. Statements made to the Guard "management" and considered in regard to Plaintiff's employment.

2. Statements made to "third parties" in the Guard reported by persons other than Ms. Diaz to management.

3. Statements made to "third parties" having nothing to do with any employment related decision by Guard management.

At least the third of these scenarios would raise serious questions as to the ability of the Government (and Ms. Diaz) to obtain early dismissal of the case. On the other hand, the references to "third parties" are ambiguous and render the Complaint rather unclear.

Under the circumstances, I am going to clear the record of the pending motions and require the parties, starting with Plaintiff, to present clear and focused pleadings.

For the foregoing reasons:

1. The Motion to Substitute Defendant is DENIED WITHOUT PREJUDICE.

2. The Motion of Defendant Maria Diaz to Dismiss is DENIED WITHOUT PREJUDICE.

TO ALL COUNSEL OF RECORD
February 12, 2003
Page No. 3

3.  Plaintiff shall, by March 3, 2003, file an Amended Complaint that clearly sets forth his alleged cause of action. In the Amended Complaint:

   a.  Plaintiff shall specify the "third parties" to whom, he alleges, Ms. Diaz made defamatory statements.

   b.  Plaintiff shall, consistent with the foregoing discussion, clarify the precise nature of the facts he is alleging by specifying the context of the alleged actual statements.

   c.  Plaintiff shall clearly set forth those allegations based upon which he contends that Ms. Diaz's allegedly defamatory statements were made outside the course of her Guard employment.

   d.  Defendant may renew their respective motions in light of the Amended Complaint.

   e.  Any Government certification as to the scope of employment must address the specific actions alleged by the Plaintiff to be tortious.

Although informal, this letter constitutes an Order of this Court.

Yours truly,

*[signature]*

Marvin J. Garbis
United States District Judge

cc: Clerk of the Court