IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KARL L. ELDERS, | * |
| Plaintiffs | * |
| v. | * CIVIL ACTION NO. MJG-02-3892 |
| MARIA C. DIAZ, | * |
| Defendant | * |

DECLARATION OF FELTON PAGE

I, FELTON PAGE, hereby declare as follows:

1. I am the Chief of the National Guard Bureau Directorate for Equal Opportunity (NGB-EO). I am currently the senior official in the Directorate for Equal Opportunity.

2. I have been employed by the National Guard Bureau since July 1987, serving in the capacity as Chief, Directorate for Equal Opportunity since February 2002. Prior to becoming Chief, I served as program manager for Special Emphasis Programs with responsibility for Equal Opportunity and Equal Employment Opportunity policy and regulatory guidance affecting all Army and Air National Guard Military and civilian personnel in the 54 states and territories. I also developed and implemented programs that increased minority and female representation throughout the National Guard.

3. The National Guard Bureau ("NGB") is a joint Bureau of the Departments of the Army and Air Force.

4. The Directorate for Equal Opportunity ("NGB-EO") is a joint staff functional office of the National Guard Bureau. The Directorate serves as the focal point for all National Guard military, civilian, and technician Equal Opportunity (EO) and Equal Employment Opportunity (EEO) policies, programs and issues.

5. The NGB Directorate for Equal Opportunity provides advice training, assistance, and technical expertise to the senior leadership of the National Guard in the direction and management of all military and technician EO and EEO programs governed by Title 32 or the National Guard Technicians Act.

6. Responsibilities include development, management and monitoring of Equal Opportunity and Treatment (EOT) plans, policy and programs that apply to the Air National Guard (ANG); establishing and administering the Air National Guard Discrimination Complaint System; and managing and adjudicating unlawful discrimination complaints, including sexual harassment complaints, within the Air National Guard.

7. Sexual harassment is a form of unlawful gender discrimination which falls under the purview of the NGB Directorate for Equal Opportunity.

8. Unlawful discrimination and sexual harassment are contrary to good order and discipline and are counterproductive to combat readiness and mission accomplishment. Preventing, identifying and eliminating sexual harassment is a top command priority within the National Guard. Sexual harassment of National Guard personnel will not be tolerated.

9. Air Force Policy Directive 36-27 dated September 3, 1993, establishes that the Air Force will conduct its affairs free from unlawful discrimination and sexual harassment. Air Force policy mandates that whenever sexual harassment is found, the Air Force will immediately eliminate it and neutralize its effects. Commanders or supervisors who are aware of unlawful discrimination by subordinates but fail to take action may be disciplined.

10. It is Air Force policy to ensure that channels are available to air equal opportunity, including sexual harassment, complaints without fear of reprisal.

11. NGB-EO has established the Air National Guard Discrimination Complaint System within the Air National Guard as a means for Air Guard members to present allegations of unlawful discrimination and sexual harassment.

12. Under the EOT complaint process, Air National Guard members

are encouraged to resolve complaints of sexual harassment or unlawful discrimination informally before filing a formal complaint.

13. National Guard members have several options available to assist them in informally resolving unlawful discrimination or sexual harassment complaints. Among these options is to request the help or intervention of a co-worker.

14. Under NGB-EO policy, an Air National Guard officer subjected to sexual harassment by her commanding officer is officially encouraged to discuss these allegations with her fellow officers prior to making a formal complaint. The alleged victim of sexual harassment is in no way restricted to utilizing the formal complaint system and may freely discuss the allegations with fellow officers or other National Guard members.

15. Free and open discussion of alleged incidents of sexual harassment among the officers of a State's Air National Guard is absolutely essential if sexual harassment is to be identified and eliminated within the National Guard. Such discussions directly benefit the good order and discipline and mission readiness of the National Guard.

16. A member of the National Guard should never be discouraged from making an informal complaint of sexual harassment to a fellow National Guard member. Victims of sexual harassment are

often reluctant to make a complaint because of embarrassment or fear of retaliation. This is especially true when the alleged harasser is the victim's commanding officer. Free and open discussion of alleged incidents of sexual harassment between members of the National Guard is officially encouraged by NBG-EO.

17. It is within the line of duty and scope of employment for a National Guard member to make an informal complaint of sexual harassment to a fellow National Guard member. NGB-EO officially encourages such informal complaints.

Pursuant to 28 U.S.C. § 1746 (2), I declare under penalty of perjury that the forgoing is true and correct.

Executed on 4/8/03

FELTON PAGE
Chief, NGB-EO