```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

KARL L. ELDERS                    *

       Plaintiff          *

       vs.                * CIVIL ACTION NO. MJG-02-3892

MARIA C. DIAZ                     *

       Defendant          *

*    *    *    *    *    *    *    *    *

## MEMORANDUM AND ORDER

The Court has before it Defendant Maria C. Diaz's Motion for Summary Judgment and the United States's Motion to Quash [Paper 46]. The Court has conferred with counsel and finds that neither a response nor a hearing is necessary.

### I. Summary Judgment

The instant Motion for Summary Judgment was filed on April 28[1] with trial of the pertinent issue (the "scope of employment" question) scheduled to begin six days thereafter. Accordingly, the motion was filed too late for response and meaningful consideration. Moreover, defense counsel doggedly declines to recognize that there are genuine issues of material fact presented. Of course, the defense may have a

---

[1] All dates referred to herein are in the year 2005.

perfectly valid position once the Court can make factual determinations.

The Court does not accept as correct the sweeping assertions of defense counsel that any conversation that Defendant Diaz had with other members of the military (regardless of context) is, necessarily, within the scope of Ms. Diaz military employment.  Thus, for example, the Court does not accept as correct, Ms. Diaz' position that to be actionable a statement must have been made "to someone outside of the military."  Rather, the Court finds it possible that Defendant Diaz could have spoken outside the scope of her employment to a person who was also in the military.  Nor does it appear that a statement relating to Ms. Diaz's employment would, necessarily, have been made within the scope of employment.

Accordingly, there shall be no summary judgment.

II.    Quashing Subpoenas

The Court does not agree with the defense position that there would be disruption of the military regime were the witnesses in question to be heard.  The instant trial will be narrowly focused upon the context in which alleged defamatory

statements were made by Defendant Diaz. The Court will not permit questioning beyond the scope of the trial hearing.

The defense objection to the scope of the documentary reach of the subpoenas at issue is more meritorious. Plaintiff has had the opportunity for discovery and will not be permitted to use trial subpoenas for this purpose. Thus the Court will quash the documentary subpoenas at issue except as they describe, with particularity, specific documents.

For the foregoing reasons:

1. Defendant Maria C. Diaz's Motion for Summary Judgment and the United States's Motion to Quash [Paper 46] is GRANTED IN PART AND DENIED IN PART.

2. Summary Judgment is DENIED.

3. The subpoenas at issue are in effect with respect to appearance for testimony.

4. The subpoenas at issue are quashed to the extent that they purport to seek production of documents not specifically identified.

    a. The defense shall have available for in camera inspection the documents specified in paragraphs 2, 4 and 6 of the documentary subpoenas at issue.

    b. Paragraphs 1, 3 and 5 of the documentary subpoenas at issue are quashed.

SO ORDERED, on <u>Monday, May 2, 2005</u>.

/ s /
Marvin J. Garbis
United States District Judge