<u>Elders v. Diaz</u>, Case No. MJG-02-3892 (D.Md)

# EXHIBIT "1"

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| KARL L. ELDERS | * | |
| Plaintiff, | * | |
| v. | * | Case No. MJG-02-3892 |
| MARIA C. DIAZ | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**DECLARATION OF KARL L. ELDERS**

I, KARL L. ELDERS, pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1. I am a person over eighteen (18) years of age and competent to testify. I make this declaration on personal knowledge and in support of my Reply to Defendant's Opposition to Motion for Summary Judgment and Opposition to Post-Hearing Memorandum in Support of Defendant Maria C. Diaz's Motion Regarding a Determination on the Matter of Scope of Employment and Striking Exhibits.

2. I am the plaintiff in this proceeding. I am a pilot for United Airlines, and I am also a member of the United States Air Force Reserves where I serve as a Full Colonel on the Staff of the Deputy Commander for Air Force Operations.

3. From 8 July 2000 through 15 March 2002, I served as commander of the 135th Tactical Airlift Squadron, Maryland Air National Guard, Baltimore, Maryland. My duties there included management and supervision of approximately 125 personnel and over 500 million dollars in aircraft and support equipment. My primary responsibilities to the Airmen of the 135th Squadron were war time readiness, continuation training, and

unit morale.  These responsibilities included review and management of the administrative functions that supported the airlift operations.

    4.   One such function I handled was flight officer currency and duty performance, both of which are fully documented in the Reserve Flight Documentation Information System formally known as "CASS" and the Air Reserve Personnel Finance System.  The combination of the two clearly detail duty and pay performance.  Another organization/unit tool for tracking duty performance --used during the inclusive period of my command--was an orders tracking program that separated duty into the appropriate State, Federal, local training category.

    5.   Exhibit "7" to my Motion for Summary Judgment (filed 13 July 2005) is the defendant Maria C. Diaz's military orders performance summary document for the period October 2001 to April 2002. It specifically notes that Diaz served:

- Active Duty for Deployed State from a period beginning 7 Feb 2002 and lasting 11 days;

- Active Duty for Home station training for various periods beginning on 8 Oct 2001 through 4 Apr 2002; and

- State Training on 30 Jan 2002.

    6.   None of the duty indicated on this unit generated product, which is the primary time frame in which Diaz was spreading defamatory allegations about me, was in the service of the federal government or as a result of a federal presidential order/request for unit activation/service.  At no time noted on this document was Diaz engaged in training or duty under sections 316, 502, 503, 504, or 505 of Title 32 of the U.S. Code. All duty noted above for those specific days was performed solely in support of the State of

2

Maryland. Had Diaz performed federal service during this time period it would have been noted on this document.

7. Exhibit "7" was requested by me and produced by third parties currently assigned to the Maryland Air National Guard who have no interest in this case. In fact, they had no knowledge of the reason the duty history was requested. There is no reason to suspect that this very document could not be reproduced today by the Maryland Air National Guard today as it should remain intact within their records system.

8. During my command, I routinely reviewed the duty/flight performance of all assigned flight personnel. To the best of my knowledge, Exhibit "7"is a true account of duty as indicated on the form except that it does not include all traditional guardsmen weekend drill duty performance--considered local traditional guardsmen training, which is discussed below.

9. With respect to Exhibit "8" of my Motion for Summary Judgment (filed 13 July 2005), these are the relevant Unit Training Assemblies, otherwise known as "UTAs" (weekend drill duty), attendance records for December 2001, January 2002 and February 2002, for the 135th Airlift Squadron which I commanded and in which Diaz served. In fact, I served as Lt Col Diaz's commander during the relevant period time period. I am thoroughly familiar with the authenticity of the documents contained in exhibit #8.

10. This exhibit was requested by me and obtained through third parties who serve in the flight management and documentation profession for the 135th Airlift Squadron, Maryland Air National Guard. Furthermore, the professional Airmen who retrieved this exhibit had no knowledge of the reason for the request or equity stake in my case against Diaz. If necessary, this exhibit can be further validated by contacting MSgt Pete Maras or

3

MSgt Deborah Gregory, 135th management and documentation, and Flight Management Recordation.

I do solemnly affirm under the penalties of perjury and to the best of my knowledge that the contents of the foregoing paper are true.

Date:   6 October 2005

/s/
_____
Karl L. Elders